IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| EDDIE C. WILSON, SR.  #317-625 | : |
| v. | : CIVIL ACTION NO. RDB-06-1270 |
| GARY HORNEBAKER, WARDEN<br>     and<br>THE ATTORNEY GENERAL OF THE<br>STATE OF MARYLAND | :<br><br>:<br><br>: |

## **MEMORANDUM**

Before the Court is a pro se Motion for Emergency Bail/Detention Hearing filed by Eddie C. Wilson, a Maryland prisoner. After careful consideration, the Court will deny the Motion in a separate Order.

**I. Background**

On May 17, 2006, Wilson, a Maryland prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. §2254 challenging his 2003 conviction for perjury in the Baltimore City Circuit Court for which he was sentenced to ten years incarceration. On May 31, 2006, this Court directed Respondents to file a limited show cause response addressing exhaustion of available state court remedies.  Since then,  Respondents have successfully moved twice for good cause to extend the time to file their Response.  The Response is presently due on September 1, 2006.

**II. Petitioner's Claims**

In the instant pleading, Wilson claims that the State of Maryland refuses to grant him an appeal bond, while purposely impeding his ability to obtain appellate review.  Further, he argues the

State is working in "concert with the Parole Commission" to deny him parole. Paper No. 7 at 2. Wilson further suggests that he has been denied due process as a result of Respondents' "delays" in filing an answer. *See id.* On this basis, Wilson seeks bail pending further consideration of his federal habeas petition.

**III. Analysis**

There is authority for the proposition that a district court may release a habeas petitioner on bail if there is a substantial claim of law and there exists of circumstances making the motion for bail exceptional and deserving of special treatment in the interests of justice. *See* 28 U.S.C. § 2254; *see also Nash v. Eberlin*, 437 F.3d 519 (6th Cir. 2006). At this stage of the proceedings, however, Petitioner has proffered only conclusory allegations of purposeful delay and impediment by the State, none of which is exceptional nor merits special treatment in the interest of justice. Further, in light of the impending September 1, 2006, date for filing the State response, scheduling a bail hearing is unnecessary. For these reasons, the Motion will be denied without prejudice by separate Order.

August 21, 2006

/s/
_____
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE