IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

EDDIE C. WILSON, SR.  #317-625          :

    Petitioner                              :

     v.                                  : CIVIL ACTION NO. RDB-06-1270

GARY HORNEBAKER, WARDEN                 :
    and
THE ATTORNEY GENERAL OF THE             :
STATE OF MARYLAND
                                        :
    Defendants                          oo0Ooo

## **MEMORANDUM OPINION**

Pending is a *pro se* 28 U.S.C. §2254 Motion for habeas corpus relief filed by Eddie C.

Wilson, Sr, challenging both the denial of his request for bail pending resolution of his direct appeal

and the Maryland Parole Commission's decision to deny him parole.   Respondents Gary

Hornebaker, Warden of the Metropolitan Transition Center and J. Joseph Curran, Jr., Attorney

General of the State of Maryland, by their counsel, have filed an Answer and exhibits asserting that

Petitioner has yet to fully exhaust his claims before the state courts.[1]  Petitioner has filed a Traverse

in opposition with exhibits.[2]  Upon review of the pleadings, exhibits, and applicable law, the Court

---

[1]      The Court has endeavored to accord Wilson's prolix pleadings  liberal construction. *See Haines v. Kerner* 404 U.S. 519, 520 (1972). To the extent Wilson might intend to challenge his underlying convictions for perjury in the instant motion, his direct appeal remains pending in state court. Consideration of such claims have not been fully exhausted under 28 U.S.C. § 2254(b). In the event Wilson intends to challenge his criminal convictions and sentence after exhaustion of state court remedies, he is reminded that there is a one-year filing deadline for a 28 U.S.C. §2254 motion for writ of habeas corpus. The Court will direct the Clerk to mail a 28 U.S.C. § 2254 forms and information packet to Wilson.

[2]      Wilson blames the Circuit Court and its clerks for his failure to obtain appellate or judicial review due to "willful and calculating impediments."  Pet. Traverse at 6.   Apart from Wilson's accusations, the record does not support the claim that the Circuit Court and its employees engaged in

will dismiss the Petition without prejudice. *See* 28 U.S.C. § 2254(b)

## I.  Factual Background

On December 11, 2003, a jury sitting in the Circuit Court for Baltimore City found Wilson guilty of theft over $500 and eleven counts of perjury.  Resp. Ex. 1   On December 17, 2003, the Circuit Court sentenced Wilson to ten years incarceration commencing January 7, 2003. [3] Sentencing Transcript, Resp. Ex. 2.  There was no record indicating Wilson filed a notice of appeal. Pet. Ex. A.[4]  Wilson filed for post-conviction relief in the Circuit Court for Baltimore City, and on December 12, 2005, that court filed a consent order granting him the right to file a belated direct appeal of his convictions.  Resp. Ex. 1; *see also* Pet. Traverse, Ex. A.  On December 14, 2005, Wilson filed his direct appeal to the Court of Special Appeals of Maryland.  *See id.*  The appeal is pending before the Court of Special Appeals as Number 2436 of the September 2005 Term.  Resp. Answer at 3.

Wilson filed a motion for bail pending appeal in the Circuit Court for Baltimore City on October 13, 2005.  The court denied bail on December 29, 2005.  Resp. Ex. 1.  On May 5, 2005, the  Maryland  Parole Commission reviewed Wilson for parole. A hearing officer recommended granting a "delayed release" in August of 2006.  Resp. Ex. 4 & 5.  The reviewing commissioner,

---

deliberate efforts to deny Wilson judicial review. It bears noting, however, that the Circuit Court of Baltimore City on September 27, 2005, issued an opinion stating that "...the confluence of voluminous, repeated pleadings, and bureaucratic bungling have made a muddy and confused wasteland of this case." Pet. Traverse Ex. D.

[3]     The convictions were based on evidence that Wilson posted property that he did not own as bail for other people.  In some cases, the property did not even exist. Sentencing Transcript, Resp. Ex. 2.at 8.  According to the State, Wilson posted the houses of unaware victims. *See id.* at 13.

[4]     Correspondence from Wilson's trial counsel demonstrates that a Notice of Appeal was submitted, but was not properly filed.  Pet. Traverse Ex. B.

however, disapproved "delayed release" and instead recommended  a  rehearing in December of 2006. *See id.* On August 1, 2005, a review panel decided to review Wilson for parole in December of 2006, stating:"Panel agrees with rev[iewing] commissioner based on the perjury (11 cts); used home not sole owner for bond on criminal charges-scheme against the court." *Id.*

Wilson filed a Petition for Writ of Mandamus in the Circuit Court for Baltimore City challenging the Maryland Parole Commission's August 1, 2005, decision. The State of Maryland responded that Wilson's petition should be dismissed because it failed to state a claim for relief.  By order dated May 1, 2006, and entered May 3, 2006, the Circuit Court dismissed the petition.  Resp. Ex. 6.  On May 15, 2006, Wilson filed a "motion for reconsideration or in the alternative, leave to appeal" in the Circuit Court.   On July 28, 2006, the Circuit Court denied the motion for reconsideration.  Resp. Ex. 8.  In the same order, the Circuit Court "ORDERED that Defendant-Petitioner's request for leave to appeal should be directed to the Court of Special Appeals pursuant to Md. Rule 8-210, *et seq*." *Id.*

## II.   Analysis

### A.  Exhaustion

When filing a federal habeas corpus application under 28 U.S.C. § 2254, a petitioner must show that all of his claims have  been presented to the state courts.  *See* 28 U.S.C. §2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973).  This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it.  For a person convicted of a criminal offense in Maryland, this may be accomplished either on direct appeal or in post-conviction proceedings.

To exhaust a claim on direct appeal in non-capital cases, it must be raised in an appeal, if one

is permitted, to the Maryland Court of Special Appeals and then to the Maryland Court of Appeals by way of a petition for writ of *certiorari*. *See* Md. Cts. & Jud. Proc. Code Ann., §12-201 and §12-301. If an appeal of right is not permitted, as in cases where a guilty plea is entered, exhaustion can be accomplished by filing an application for leave to appeal to the Court of Special Appeals. Md. Cts. & Jud. Proc. Code Ann., §12-302(e).  If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted. *See* Md. Cts. & Jud. Proc. Code Ann., §12-202.  If, however, the application is granted but relief on the merits of the claim is denied, a petitioner must file a petition for writ of *certiorari* to the Court of Appeals.  *See Williams v. State*, 292 Md. 201, 210-11 (1981).

To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court and in an application for leave to appeal to the Court of Special Appeals. *See* Md. Crim. Proc. Code Ann. §7-109.  If the Court of Special Appeals denies the application, there is no further review available and the claim is exhausted.  *See* Md. Cts. & Jud. Proc. Code Ann., §12-202.  If the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Court of Appeals.  *See Williams, supra.* "Where questions concerning exhaustion arise, the petitioner bears the burden of demonstrating that state remedies have, in fact, been exhausted."  *Mallory v. Smith*, 27 F.3d 991, 994 (4th Cir.  1994).

### B.   Denial of Bail Pending Appeal

Wilson first claims that the Circuit Court for Baltimore City improperly denied him bail pending his direct appeal on his perjury convictions.  Whether a convicted prisoner is entitled to bail

pending the outcome of appeal is governed by Maryland Rules 4-349 and 8-422.[5]  Additionally, in

Maryland, state habeas corpus relief is available to any person who is:

_____

[5]Maryland Rule 4-349 provides:
 (a) General Authority. After conviction the trial judge may release the defendant pending sentencing or exhaustion of any appellate review subject to such conditions for further appearance as may be appropriate. Title 5 of these rules does not apply to proceedings conducted under this Rule.

(b) Factors Relevant to Conditions of Release. In determining whether a defendant should be released under this Rule, the court may consider the factors set forth in Rule 4-216 (e) and, in addition, whether any appellate review sought appears to be frivolous or taken for delay. The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant.

(c) Conditions of Release. The court may impose different or greater conditions for release under this Rule than had been imposed upon the defendant pursuant to Rule 4-216 before trial. When the defendant is released pending sentencing, the condition of any bond required by the court shall be that the defendant appear for further proceedings as directed and surrender to serve any sentence imposed. When the defendant is released pending any appellate review, the condition of any bond required by the court shall be that the defendant prosecute the appellate review according to law and, upon termination of the appeal, surrender to serve any sentence required to be served or appear for further proceedings as directed. The bond shall continue until discharged by order of the court or until surrender of the defendant, whichever is earlier.

(d) Amendment of Order of Release. The court, on motion of any party or on its own initiative and after notice and opportunity for hearing, may revoke an order of release or amend it to impose additional or different conditions of release. If its decision results in the detention of the defendant, the court shall state the reasons for its action in writing or on the record.

Maryland Rule 8-422 provides for a stay of enforcement of judgment.  It provides in relevant part:

(b) Criminal Proceedings. Stay of enforcement of a judgment in a criminal proceeding is governed by Rule 4-349.

(c) Review of Lower Court Action by the Court of Special Appeals. After an appeal has been filed, on motion of a party who has first sought relief in the lower court, the Court of Special Appeals, with or without a hearing, may (1) deny the motion; (2) increase, decrease, or fix the amount of the supersedeas or criminal appeal bond; (3) enter an order as to the surety or security on the bond, other security, or the conditions of the stay; or (4) enter an order directing further proceedings in the lower court.

> ...committed, detained, confined, or restrained from his lawful liberty within the State for any alleged offense or under any color or pretense of any person in his behalf, may petition for the writ of habeas corpus to the end that the cause of the commitment, detainer, confinement or restraint may be inquired into.

Md. Code Ann., Cts. & Jud. Proc. Art., § 3-702 (2002). *see also*, Maryland Rules 15-301-312 (providing rules for habeas proceedings). Where the writ is denied in cases concerning bail, a petitioner may apply to the Court of Special Appeals for leave to appeal.   *See* Md. Code Ann., Cts & Judicial Proc. Art., § 3-707(a).[6]   If the Court of Special Appeals grants the application, it may affirm, reverse, or modify the order of the lower court granting or denying the relief sought in the writ.   *See* Md. Code Ann., Cts. & Jud. Proc. Art., 3-702(c)(1).   "If the Court determines that the lower court was wrong in refusing to admit to bail or that the bail set is not appropriate, it may determine the proper amount of bail."  Md. Code Ann., Cts & Jud. Proc. Art.,§ 3-702(c)(2).

In this case, Wilson filed a motion for bail pending appeal and it was denied by the Circuit Court for Baltimore City.  Under Maryland Rule 8-422, Wilson may, but has yet to, move for relief in the Court of Special Appeals.  Neither has he filed for relief by way of a petition for writ of habeas corpus in state court. Consequently, this claim has not been fully presented to the state courts.  Further, while federal courts may review state bail orders after exhaustion of state remedies, federal intervention is discretionary and rare.  *See Jenkins v. Harvey*, 634 F.2d 130, 131-32. (4th Cir. 1980).

---

[6]     This provision provides:

> If a judge refuses to issue a writ of habeas corpus sought for the purpose of determining the right to bail, or if a judge sets bail claimed to be excessive prior to trial or after conviction, but prior to final judgment, a petitioner may apply to the Court of Special Appeals for leave to appeal from the refusal.

Md. Code Ann., Cts & Judicial Proc. Art., § 3-707(a)

The Circuit Court's discretionary decision is well-supported for reasons apparent from the record. There is no cause here to disturb the bail determination.

### C.   Denial of Parole

The Constitution itself does not create a protected liberty interest in the expectation of parole. *See Greenholtz v. Inmates of Nebraska Penal & Correctional Complex,* 442 U.S. 1, 7, (1979).  Nor is such an interest created by Maryland law.  *See Bryant v. Maryland*, 848 F.2d 492, 493 (4th Cir.1988).   Absent a liberty interest, there is no process due.  *See Henderson v. Simms*, 223 F.3d 267, 274-75 (4th Cir. 2000).  To the extent Wilson claims here that  he has been denied due process, even if he has fully exhausted state court remedies or there are no longer any state avenues of corrective process, he does not present a colorable claim  for relief.

As noted earlier, Wilson challenged denial of parole by filing a petition for writ of mandamus in the Circuit Court which was dismissed for failure to state a claim.   The court subsequently denied  reconsideration.  *See Supra*  pp. 2-3.   In the Order denying reconsideration, the court instructed that an application for leave to appeal should  be filed in the Court of Special Appeals. *See id.*   It does not appear that a notice of appeal from denial of the writ was filed.

## III.  Conclusion

For the above reasons, the 28 U.S.C. § 2254 Motion will be dismissed without prejudice. A separate Order consistent with this Memorandum Opinion will be entered.

September 26, 2006                      /s/_____
           DATE                                     RICHARD D. BENNETT
                                            UNITED STATES DISTRICT JUDGE